IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRISTOPHER ORION PARKS                                                                    PLAINTIFF

v.                                        Civil No. 2:24-CV-02046-PKH

OFFICER SHAWN TAYLOR,
JUDGE MIKE MEDLOCK,
JEREMIAH CORBETT,
LEVI TOWNSEND,
SAVANNAH SCARBERRY
WESLEY BECKHAM, and
JOHNNY DANIEL HUMPHREY, JR.                                                               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kristopher Parks, proceeding *pro se*, filed this civil rights action, which the Court liberally construes to be an action under 42 U.S.C. § 1983.[1]  Pursuant to 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, has referred the case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2).

### I.       BACKGROUND

Parks filed his Complaint on April 8, 2024, alleging that his constitutional rights were violated when he was arrested in July 2012.  (ECF No. 1 at 1, 6-8).  According to the Complaint, on July 16, 2012, Defendant Levi Townsend placed Parks in handcuffs, forced him into

---

[1] Parks relies on 18 U.S.C. § 245 as a legal basis for his cause of action. (ECF No. 1 at 4).  Section § 245 is a criminal civil-rights statute that protects a person's right to participate in federally protected activities, such as voting, jury service, or seeking benefits from a public program.  It does not provide a private right to bring a civil action for damages.  *See Nawrocki v. Bi-State Development*, No. 4:18-cv-01034-JCH, 2018 WL 4562908 at 4-6 (E.D. Mo. Sept. 24, 2018) (collecting cases that hold § 245 and similar criminal civil-rights statutes provide no private right to bring a civil action for damages).

1

Townsend's vehicle at gunpoint, and transported him to an address in Van Buren, Arkansas, where Officer Shawn Taylor approached the vehicle with Judge Mike Medlock and told Parks to give an official written account of "what happened."[2]  (*Id.* at 6).  While still in Townsend's vehicle, Parks gave Officer Taylor a written report admitting that he (Parks) had taken firearms "to the address of Levi Townsend," but Parks indicated that he had done so under duress from Defendants Corbit, Scarberry, Beckham, and Humphrey.[3]  Specifically, in his written report, Parks stated that he had personally witnessed these four defendants steal the firearms, and he claimed that these defendants then forced him, at gunpoint, to deliver the firearms to the Townsend address after they had restrained him and forced him to ingest methamphetamine.  (*Id.* at 6).  Parks further alleges that he was 16 years old at the time and that he pleaded for help because he had been "poisoned with drugs," but Defendants Taylor and Medlock said there was nothing they could do and indicated that they did not believe his account.  (*Id.* at 6-7).

Parks further alleges that Officer Taylor said that he would get a warrant and arrest Parks "in a few days[,]" and that "the information that was gained was then used to obtain a warrant for [his] arrest" on August 1, 2012.  (*Id.*).  He alleges that he later entered a guilty plea, stating that he was "coerced and tricked into signing a plea deal[.]"  (*Id.*).  Parks seeks damages for mental anguish and "to punish the defendants financially[.]"  (*Id.* at 8).  He further seeks "retrial, review or reversal of the decisions made by the State of Arkansas."  (*Id.*).

---

[2] The Court takes judicial notice of the fact that the address to which Parks alleges he was taken is that of the Crawford County Courthouse Annex in Van Buren, Arkansas.  *See* Circuit Court Officials Information, https://www.crawford-county.org/officials/circuit_court.cshtml (last accessed April 12, 2024); Fed. R. Evid. 201(b).

[3] Parks does not identify Defendants Townsend, Corbit, Scarberry, Beckham, or Humphrey as government employees, officials, or officers.

Parks refers the Court to his state criminal case *State v. Kristopher Parks & Dustin Townsend*, No. 17CR-12-378. (*Id.* at 7). The public record of that case provides additional, relevant facts.[4] On July 27, 2012, Officer Taylor prepared an affidavit seeking an arrest warrant for Parks. In the affidavit, Officer Taylor averred that Parks and co-defendant, Dustin Townsend,[5] had broken into 10 vehicles and a commercial business on July 15, 2012, and had stolen various items, including firearms. Officer Taylor further averred that Parks sold two guns to a confidential informant on July 22, 2012, and that the "buy" had been recorded. The public docket reflects that the arrest warrant for Parks was issued and served on August 1, 2012. The following day, Parks was charged by a criminal Information with numerous felony and misdemeanor offenses. Parks was appointed counsel and entered a plea of not guilty at arraignment proceedings on August 8, 2012.

On February 7, 2014, after an interlocutory appeal affirming the denial of Parks's motion to transfer his case to the juvenile division of state circuit court,[6] Parks entered a negotiated plea of guilty to one count of commercial burglary, 10 counts of breaking or entering, and three counts of theft. He was sentenced to an aggregate term of four years' imprisonment in the Arkansas Division of Correction, followed by a ten-year suspended imposition of sentence. Filings on the public docket indicate that Parks was released from prison on or about July 16, 2014.

---

[4] Because the Court may take judicial notice of judicial opinions and public records, *see Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir 2005), it considers relevant facts that are supported by the published record in the underlying criminal case when screening the instant case. The records are electronically published by the Arkansas Administrative Office of the Courts at: https://caseinfo.arcourts.gov/opad/case/17CR-12-378 (last accessed April 14, 2024).

[5] The affidavit and other filings indicate that Dustin Townsend had already been arrested on probable cause and released on recognizance. It is not clear from the Complaint here or the record in the state criminal case whether Dustin Townsend is related to Levi Townsend.

[6] See *K.O.P. v. State*, No. CV-13-263, 2013 Ark. App. 667.

3

## II.        LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court screens *in forma pauperis* cases prior to service of process and must dismiss the case if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  All pleadings "must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  In addition, the pleading of a party who is proceeding *pro se* must be liberally construed.  *See Whitson v. Stone County Jail*, 602 F.3d 920, 922 (8th Cir. 2010).  Although it will be liberally construed, a *pro se* complaint "must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious if its allegations are known to be false or if it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.        ANALYSIS

Liberally construed, Parks's Complaint seeks relief under 42 U.S.C. § 1983 for an arrest that he contends violated his constitutional rights.  The conduct that Parks alleges to have been unconstitutional, however, occurred in 2012, and Parks did not file his Complaint until April 8, 2024.  After careful review of the Complaint and applicable authorities, the undersigned concludes that Parks's cause of action is barred by the statute of limitations and must be dismissed under 42 U.S.C. § 1915(e)(2)(B) because it fails to state a claim for relief.

The applicable statute of limitations for an action under § 1983 is that which applies to personal-injury torts under the law of the State in which the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Crozier for A.C. v. Westside Community Sch. Dist.*, 973 F.3d 882, 888 (8th Cir. 2020).  Arkansas provides a three-year limitations period for bringing personal-injury claims.  Ark. Code Ann. § 16-56-105(3) (Repl. 2016).  *See also Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019) (applying § 16-56-105(3) limitation period to § 1983 action); *Early v. Baker*, No. CV-12-400, 2013 Ark. 511, at 2 (per curiam) (applying three-year limitation period for personal-injury claims in § 16-56-105(3) to cause of action brought under § 1983).

Relevant to this issue, Arkansas law further provides that "[i]f any person entitled to bring any action … is under twenty-one (21) years of age … at the time of the accrual of the cause of action, that person may bring the action within three (3) years next after attaining full age[.]"  Ark. Code Ann. § 16-56-116(a) (Repl. 2016).  "Full age" is defined by Arkansas Code Annotated § 9-25-101, which provides that "[a]ll persons of the age of eighteen (18) years shall be considered to have reached the age of majority and be of full age for all purposes."  Ark. Code Ann. § 9-25-101(a) (Supp. 2019).

Mindful of the foregoing law and Parks's allegation that he was 16 years old when the alleged unconstitutional conduct occurred in July of 2012, the Court next considers when the cause of action accrued.  *See generally Wallace*, 549 U.S. at 387-88 (determining accrual date to determine when limitation period began to run).  Unlike the statute of limitations, the accrual date for a § 1983 action presents a question of federal law that is not resolved by reference to state law.  *Id.* at 388.  The general rule is that accrual occurs when the plaintiff has a complete and present cause of action.  *Id.; See also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

5

In *Wallace v. Kato*, the Supreme Court considered the question of accrual for a § 1983 cause of action involving allegations of an unconstitutional arrest followed by criminal proceedings. 549 U.S. at 387-90.  The Court initially observed that, under the general rule, the claim would accrue, and the limitations period would begin running, upon the occurrence of the allegedly wrongful conduct that subjected the person to the harm of involuntary detention. *Wallace*, 549 U.S. at 388.  Because § 1983 creates a species of tort liability, however, the Court considered that a claim of unlawful arrest is most analogous to the torts of false arrest and false imprisonment, for which the statute of limitations does not begin to run until the alleged false imprisonment ends. *Id.* at 388-89.  Noting that "false imprisonment consists of detention without legal process," the Court held that a claim of unlawful arrest accrues "once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges[.]" *Id.* at 389 (emphasis in original).

As previously noted, Parks complains that Townsend unlawfully seized him on July 16, 2012, and took him to authorities—Defendants Taylor and Medlock—who demanded that Parks provide a written account of his illegal activity, and who dismissed his account as not credible and refused his pleas for help.  Parks concedes, however, that he subsequently was arrested on August 1, 2012, pursuant to a warrant that Officer Taylor obtained in accordance with legal process.  Parks was then charged by a criminal Information on the following day and was arraigned on August 8, 2012.  Thus, Parks became detained by legal process on August 1, 2012, "and the statute would have begun to run from that date, but for its tolling by reason of [his] minority." *Wallace*, 549 U.S. at 390.  See *Allen v. Lindsay*, No. 5:21-cv-05098, 2021 WL 3074420, at 5 (W.D. Ark. June 30, 2021) (citing *Wallace*, 549 U.S. at 389, and noting arrest pursuant to a facially valid warrant is lawful process for purposes of § 1983 action claiming false imprisonment).  Since accrual of

6

Parks's cause of action, with appropriate tolling for his minority, occurred more than three years before the complaint was filed, the suit is out of time.[7] *See Wallace*, 549 U.S. at *Id.* at 397 (stating "[s]ince in the present case [accrual] occurred (with appropriate tolling for the plaintiff's minority) more than two years before the complaint was filed, the suit was out of time[]"). *See also Martin v. Julian*, No. 2:18-CV-00176-KGB, 2019 WL 7018911, at 3-4 (E.D. Ark. Dec. 19, 2019) (holding § 1983 claims of unlawful arrest and search, filed in 2018, were untimely under *Wallace* because they accrued in 2011, on date of probable-cause arrest made following execution of search warrant issued pursuant to lawful process), *aff'd by Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021) (noting issuance of arrest warrants and filing of criminal information all took place in 2011, seven years before action was filed).

Not only are Parks's claims time-barred, but they are also *Heck*-barred.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted, however, that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, then it should be allowed to proceed.

Here, Parks pleaded guilty to several felony offenses, and he was sentenced to the Arkansas Division of Correction.  He has not alleged that his convictions have been reversed, expunged,

---

[7] Even assuming accrual did not occur until Parks was charged on August 2, or arraigned on August 8, the analysis remains the same.

declared invalid, or called into question by a federal *habeas* case.  His claims concerning his state cases are, therefore, clearly barred by the *Heck* doctrine.

## IV.        CONCLUSION

For the reasons and upon the authorities discussed above, it is RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE